1

2 UNITED STATES DISTRICT COURT

3 EASTERN DISTRICT OF CALIFORNIA

4

5

6

7 RUBEN ESPARZA,                          Case No. 1:13 cv 00593 GSA PC

8           Plaintiff,

9 vs.                                     ORDER DISMISSING COMPLAINT AND
                                          GRANTING PLAINTIFF LEAVE TO FILE
10 MARGARET MIMS, et al.,                 AN AMENDED COMPLAINT

11           Defendants

12                                        AMENDED COMPLAINT DUE
                                          IN THIRTY DAYS
13

14 **I.      Screening Requirement**

15        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

16 action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction

17 pursuant to 28 U.S.C. § 636(c).

18        The Court is required to screen complaints brought by prisoners seeking relief against a

19

20 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

21 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

22 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

23 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

24 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

25 paid, the court shall dismiss the case at any time if the court determines that . . . the action or

26

27

28                                       1

appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the

liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

(9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate at the Fresno County Jail, brings this civil rights action against

Defendants Sheriff Margaret Mims and "Medical Staff and Doctor."  Plaintiff filed his complaint

on a form for a civil rights action pursuant to 42 U.S.C. § 1983.  However, in his statement of

claim, Plaintiff indicates that "attached are grievances for medical attention as well as

treatment."

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

under color of state law and (2) the defendant deprived him of rights secured by the Constitution

or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person

deprives another of a constitutional right, where that person 'does an affirmative act, participates

in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" <u>Hydrick v. Hunter</u>, 500 F.3d 978, 988 (9th Cir. 2007) (quoting <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

Plaintiff may not simply file a complaint and refer the Court to his exhibits.  Plaintiff must name individual defendants, and allege facts indicating how each individual defendant violated a constitutional right of Plaintiff's.  Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.   Plaintiff has failed to do so here.

## A.   <u>Medical Care</u>

Plaintiff is advised that "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." <u>Jett</u>, 439 F.3d at 1096 (quoting

3

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

**B.      Supervisory Liability**

Plaintiff names Sheriff Mims as a Defendant.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal , 556 U.S. 662, 673 (2009).  Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions.  Id. at 673.  In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Plaintiff has not alleged any facts indicating that Sheriff Mims was personally involved in the deprivation of any constitutional right of Plaintiff's.  She should therefore be dismissed.

**III.   Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims Upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he

may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send to Plaintiff a complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5

5.      If Plaintiff fails to file an amended complaint, the Court will dismiss action, with

prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 15, 2013**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE