UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN S. ESPARZA,<br><br>            Plaintiff,<br><br>       vs.<br><br>MARGARET MIMS, et al.,<br><br>            Defendants. | 1:13-cv-00593-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br>(Doc. 7.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

**I.      BACKGROUND**

Ruben S. Esparza ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on April 24, 2013.  (Doc. 1.)

On May 3, 2013, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) in this action, and no other parties have made an appearance.  (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On September 16, 2013, the Court dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend. (Doc. 6.) On September 23, 2013, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 7.)

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

///

///

**III.    SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is a prisoner in the custody of the Fresno County Jail in Fresno, California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants Margaret Mims, Dr. Aw, Dr. Rucker, and the Medical Staff at the jail. Plaintiff's factual allegations follow, in their entirety:

> "I was not provided adequate medical attention. I was deprived of medication several weeks at a time. I was not given proper medical treatment on several occasion[s]. I was left to endure grat (sic) pain several weeks, & months. I submited (*sic*) several medical slips to be seen by my floor Dr. with no responces (*sic*) or treatment. I submited (*sic*) grievances witch (*sic*) where (*sic*) not answered in a timely manner, with no fair out come (*sic*) as well. I was placed in a living area (G.P.) not suitable for my handy caps (*sic*) & medical disabilities. Attached are grievances for medical attention as well as treatment. Attached ar (*sic*) medical slips for attention & treatment."

(First Amended Cmp at 3 ¶IV.) Plaintiff requests monetary and injunctive relief.

**IV.    PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

**A.    Supervisory Liability – defendant Margaret Mims**

Plaintiff has named Margaret Mims, Fresno County Sheriff, who holds a supervisory position. Plaintiff is advised that liability may not be imposed on supervisory personnel under

///

///

section 1983 on the theory of <u>respondeat superior</u>, as each defendant is only liable for his or her own misconduct. <u>Iqbal</u>, 556 U.S. at 676; <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>accord</u> <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-06 (9th Cir. 2011); <u>Corales v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that Plaintiff seeks to impose liability upon defendant Margaret Mims, or any of the other defendants, in their supervisory capacity, Plaintiff fails to state a claim.

  **B.** **Personal Participation**

  Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff was advised in the court's prior screening order that in order to state a claim and hold a defendant liable, he must *name* the individual defendant, *describe* where that defendant is employed and in what capacity, and <u>explain</u> how that defendant acted under color of law. (Doc. 6 at 3:13-16.) Plaintiff was also advised that he "may not simply file a complaint and refer the Court to the exhibits." (<u>Id.</u> at 3:9-11.) Plaintiff fails to follow the court's instructions. Plaintiff does not make any allegations in the First Amended Complaint showing that an individual named defendant personally acted against him. Further, Plaintiff names the "Medical Staff" as defendants, which is insufficient. Plaintiff was advised that he must describe what each defendant, *by name*, did to violate his rights. (<u>Id.</u> at 3:15-18.)

  Plaintiff fails to allege any personal conduct by any of the individual Defendants in the First Amended Complaint. Therefore, Plaintiff fails to state any claims against any of the Defendants.

  **C.** **Eighth Amendment Medical Claim**

  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d

1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

///

Plaintiff has demonstrated that he had serious medical needs because he suffered great pain. However, Plaintiff fails to allege facts showing that any of the Defendants were deliberately indifferent to those needs. Plaintiff fails to show that any of the Defendants personally acted or failed to act while knowing of and deliberately disregarding a substantial risk of serious harm to Plaintiff. Accordingly, Plaintiff fails to state a cognizable claim for inadequate medical care under the Eighth Amendment.

### D.  Inmate Appeals Process

Plaintiff also alleges that he submitted grievances which were not answered in a timely manner, with no fair outcome. Defendants' actions in responding to Plaintiff's grievances, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff fails to state a cognizable claim for the processing and/or reviewing of his 602 inmate appeals.

### E.  Adverse Conditions of Confinement – Eighth Amendment

"An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 2010) cert. denied, 514 U.S. 1065 (1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the

minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

Plaintiff alleges that he was placed in a living area not suitable for his handicaps and medical disabilities. However, Plaintiff does not describe conditions that rise to the level of an Eighth Amendment violation. Plaintiff fails to allege facts showing that a prison official's acts or omissions deprived him of "the minimal civilized measure of life's necessities." Moreover, Plaintiff fails to describe any conduct by an individual Defendant which violated his rights. Therefore, Plaintiff fails to state a claim for adverse conditions of confinement under the Eighth Amendment.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;

///

2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098 (9th Cir. 2011); and

3. The Clerk is directed to close this case.

IT IS SO ORDERED.

    Dated: **May 8, 2014**            **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE